UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| THE NATIONAL MUTUAL INSURANCE COMPANY, a member of a pool of companies known as Celina Insurance Group,<br><br>        Plaintiff,<br><br>v.<br><br>JUSTIN HOHENBERGER, CRYSTAL HOHENBERGER, BRAD CASE and FAYE CASE, individually and as guardian and next of friend of S.G.C., a minor,<br><br>        Defendants. | Civil Action No. 1:19-cv-00079-WCL-SLC |

## REPORT OF PARTIES' PLANNING MEETING

1. The parties conferred via electronic mail under Fed. R. Civ. P. 26(f) and agreed to this report on May 8, 2019. Anna Mallon participated for the Plaintiff, The National Mutual Insurance Company, a member of a pool of companies known as Celina Insurance Group ("Celina"), Jason S. Rodman and Randal Forbes participated for Defendants, Brad Case and Faye Case, individually and as guardian and next of friend of S.G.C., a minor (the "Cases"), and James P. Fenton and Joseph A. Christoff participated for the Defendants, Justin Hohenberger and Crystal Hohenberger (the "Hohenbergers").

2. Jurisdiction.

   The Court has jurisdiction under 28 U.S.C. §2201 and 28 U.S.C. § 1332. Plaintiff, Celina, is a citizen of the state of Ohio. Defendants, the Cases and the Hohenbergers, are citizens of the state of Indiana. The parties agree that this action involves citizens of different states and that the amount in controversy exceeds $75,000. A Cross-Claim was filed on May 7, 2019. Celina reserves the right to challenge any jurisdictional and/or other legal issues raised by the Cross-Claim.

3. Pre-Discovery Disclosures.

   \_\_\_\_X\_\_\_ The parties will exchange, *but may not file*, Rule 26(a)(1) information by May 30, 2019.[1]

4. Discovery Plan.

   The parties propose the following discovery plan:

   Plaintiff, Celina, intends to seek summary judgment in this matter. The parties expect to initially conduct written discovery, primarily to include interrogatories and requests for production of documents. Written discovery will likely be tailored to learn the identity of key witnesses whose depositions may be taken. The Hohenberger Defendants also intend to seek discovery regarding the basis of Plaintiff's Complaint and surrounding their affirmative defenses and is not limited to, even in part, the identity of key witnesses. Once written discovery is substantially complete, the parties anticipate conducting depositions of key fact witnesses. The parties do not anticipate conducting much, if any, expert discovery. Celina, the Hohenbergers, and the Cases reserve the right to seeking discovery on or utilizing experts.

   Discovery will be needed on the following subjects: This is an action for declaratory judgment for the determination of whether Celina owes coverage to the Hohenbergers for an incident that occurred at their home on August 18, 2018 wherein S.G.C. was visiting and was bit by the Hohenbergers' dog. Celina has asserted that there is no coverage for the incident and that the Celina Policy issued to the Hohenbergers is void based on misrepresentations and/or omissions in the application for insurance. The parties anticipate that discovery will concern the application for insurance and whether there is coverage under the Celina Policy. The Hohenberger Defendants also intend to seek discovery regarding any evidence that might lead to admissible evidence as to be able to defend and respond to Plaintiff's Complaint and to defend the Case Defendants' Cross-Claim filed on 5/6/19, and any Counter-Claim the Hohenbergers might yet file against

---

[1] The court encourages setting all deadlines on business days.

Plaintiff now that there is a Cross-Claim pending against them and surrounding their affirmative defenses including, but not limited to, the Insurance Policy, the Application for Insurance, the definition of "Pitbull Terrier (Staffordshire Terrier)", and American Pitbull.

Disclosure or discovery of electronically stored information should be handled as follows: The parties do not anticipate a substantial volume of ESI being produced. ESI that is exchanged may be produced in Adobe PDF format. The parties agree to the following claw-back provision:

> In the event that a document protected by the attorney-client privilege, the attorney work product doctrine or other applicable privilege or protection is unintentionally produced by any party to this proceeding, the producing party may request that the document be returned. In the event that such a request is made, all parties to the litigation and their counsel shall promptly return all copies of the document in their possession, custody, or control to the producing party and shall not retain or make any copies of the document or any documents derived from such document. The producing party shall promptly identify the returned document on a privilege log. The unintentional disclosure of a privileged or otherwise protected document shall not constitute a waiver of the privilege or protection with respect to that document or any other documents involving the same or similar subject matter.

The last date to complete all discovery is November 29, 2019.

Maximum of 50 interrogatories by each party to any other party – unless otherwise agreed to by the parties or if leave is sought from and granted by the Court.

Maximum of 30 requests for admission by each party to any other party – unless otherwise agreed to by the parties or if leave is sought from and granted by the Court.

Maximum of 5 depositions by Plaintiff(s) and 5 by each Defendant(s) – unless otherwise agreed to by the parties or if leave is sought from and granted by the court.

Each deposition is limited to a maximum of 8 hours unless extended by stipulation.

The parties must disclose the identity of any Rule 26(a)(2) witness and the witness's written report by:

September 16, 2019 for Plaintiff;

October 16, 2019 for Defendants; and

November 15, 2019 for Rule 26(e) supplements.

5. Other Items.

    The last date the Plaintiff may seek permission to join additional parties and to amend the pleadings is June 14, 2019.

    The last date the Defendant(s) may seek permission to join additional parties and to amend the pleadings is July 15, 2019.

    The time to file Rule 26(a)(3) pretrial disclosures will be governed by separate order.

    If not set by separate order, the last date to file Motion/s for Summary Judgment is January 15, 2020.

    The case should be ready for jury trial by August 2020 and at this time is expected to take approximately three days. The Case Defendants' Cross-Claim against the Hohenberger Defendants will also take an additional three days and the anticipated Counter-Claim by the Hohenberger Defendants against Plaintiff will likely be encompassed in the original three day estimate for the coverage issues.

6. Alternative Dispute Resolution.

    The case's settlement prospects may be enhanced via the following ADR procedure:

    Mediation

    The parties have agreed upon Dan Sigler as mediator.

Other: The Hohenberger Defendants plan to address with the Court at the Preliminary Pre-Trial Conference on 5/15/19 the prospect of Staying the Case Defendants' Cross-Claim against them until this Court determines if Plaintiff owes the Hohenbergers a defense and/or indemnity under the Policy. The Hohenberger Defendants plan to file a Counter-Claim against Plaintiff now that the Case Defendants have sued them over the Incident. A Cross-Claim was filed on May 6, 2019. Celina reserves the right to challenge any jurisdictional and/or other legal issues raised by the Cross-Claim.

Date: May 8, 2019

 /s/ Anna M. Mallon
Anna M. Mallon
Paul D. Mackowski

CANTRELL STRENSKI & MEHRINGER, LLP
150 West Market Street, Suite 800
Indianapolis, IN 46204

*Counsel for Plaintiff, The National Mutual Insurance Company, a member of a pool of companies known as Celina Insurance Group*

 /s/ James P. Fenton
James P. Fenton

EILBACHER FLETCHER, LLP
803 South Calhoun Street, Suite 400
Fort Wayne, IN 46802

 /s/ Joseph A. Christoff
Joseph A. Christoff
CHRISTOFF & CHRISTOFF
130 West Main Street, Suite 22
Fort Wayne, IN 46802

*Counsel for Defendants Justin Hohenberger and Crystal Hohenberger*

 /s/ Randal Forbes
Randal Forbes
Jason Rodman

FORBES RODMAN, P.C.
312 N. Wayne St.
P.O. Box 374
Angola, IN 46703

*Counsel for Defendants Brad Case and Faye Case, individually and as guardian and next of friend of S.G.C., a minor*