**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**FORT WAYNE DIVISION**

| | |
|---|---|
| THE NATIONAL MUTUAL INSURANCE COMPANY, a member of a pool of companies known as Celina Insurance Group, | )<br>)<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) CAUSE NO. 1:19-CV-79-HAB-SLC<br>) |
| JUSTIN HOHENBERGER, CRYSTAL HOHENBERGER, BRAD CASE and FAYE CASE, individually and as guardian and next of friend of S.G.C., a minor, | )<br>)<br>)<br>)<br>) |
| Defendants. | )<br>) |
| BRAD CASE, FAYE CASE, individually and as guardian and next friend of S.G.C., a minor, | )<br>)<br>) |
| Cross Claim Plaintiffs, | )<br>) |
| v. | )<br>) |
| JUSTIN HOHENBERGER and CRYSTAL HOHENBERGER, | )<br>)<br>) |
| Cross-Claim Defendants. | ) |

**OPINION AND ORDER**

The National Mutual Insurance Company, a member of a pool of companies known as Celina Insurance Group ("Celina"), initiated this litigation by filing a Complaint for Declaratory Judgment seeking a determination that a homeowner's insurance policy (the "Policy") it issued to Justin Hohenberger and Crystal Hohenberger is void due to material misrepresentations they made during the insurance application process as to whether they owned a dog (the "Dog") that was in-full or in-part a Pitbull Terrier (Staffordshire Terrier). After the Dog bit the minor daughter of Brad

Case and Faye Case while they were at the Hohenbergers' home, the Cases' requested that Celina pay the medical expenses incurred as a result.

The Cases, on behalf of their minor daughter, filed their Answer to Celina's Complaint for Declaratory Judgment. They also filed a Crossclaim against Justin and Crystal Hohenberger for breach of a duty of care owed to their daughter. Celina sought and was granted leave to amend its Complaint to incorporate allegations in the Crossclaim and to request a declaration that Celina owes no duty to defend or indemnify the Hohenbergers against the claims asserted in the Crossclaim.

This matter is before the Court on Plaintiff Celina's Motion for Separate Trial [ECF No. 51]. Celina requests that the Court exercise its discretion under Federal Rule of Civil Procedure 42(b) to bifurcate the trial on the Declaratory Complaint from the trial on the Crossclaim. No response has been filed in opposition.

## ANALYSIS

Rule 42(b) provides that a court may order a separate trial of one or more separate "issues, claims, crossclaims, counterclaims, or thirty-party claims." Fed. R. Civ. P. 42(b). The Rule lists as relevant considerations convenience, the avoidance of prejudice, and expedition and economy. *Id.; see also Krocka v. City of Chi.*, 203 F.3d 507, 516 (7th Cir. 2000) (stating that a court may bifurcate a trial provided that doing so serves the interests of judicial economy or is done to prevent prejudice to a party, and separate trials does not unfairly prejudice the non-moving party or violate the Seventh Amendment) (citing *Houseman v. United States Aviation Underwriters*, 171 F.3d 1117, 1121 (7th Cir. 1999)). The moving party has the burden to demonstrate that bifurcation would support judicial economy and not prejudice any parties. *Stachon v. Woodward*, No. 2:12-CV-440, 2015 WL 7963144, at *1 (N.D. Ind. Dec. 2, 2015)

Celina asserts that bifurcation will avoid unnecessary expenditure of resources, delay, and trial complications that would occur if the claims were tried simultaneously. Trying both coverage and liability together would, it asserts, "inundate the jury with distinct legal questions and would require the jury to attempt to parse through which facts relate to which matter." (Mot. 4.) Whether the Hohenbergers are liable in tort to the Cases' minor daughter for personal injuries has no relation to whether the Hohenbergers made misrepresentations during the insurance application process that void the Policy. Further, Celina argues that it would not be appropriate to try the claims together because evidence of liability insurance is not admissible on the Crossclaim to prove negligence. *See* Fed. R. Evid. 411.

Celina's arguments are well taken. To avoid the risk of prejudice, and the attendant risk of jury confusion that may result from trying issues of liability and coverage together, the Court agrees that bifurcation under Rule 42(b) is appropriate. All parties will benefit from a resolution of the coverage claim. In addition, the Court cannot conceive of any prejudice to the Cases that would be created by separate trials.

## CONCLUSION

For the reasons stated above, the Court GRANTS Plaintiff Celina's Motion for Separate Trial [ECF No. 51]. The ruling does not impact any of the existing deadlines.

SO ORDERED on October 21, 2019.

        s/ *Holly A. Brady*
        JUDGE HOLLY A. BRADY
        UNITED STATES DISTRICT COURT